AUGUST ANDERSON *vs.* R. H. VOSBURG.

February 8, 1877.

**A** Contract in Regard to Hotel Supplies, made by the Purchaser with the Vendor of the Hotel, held to be Merely an Assumption, by such Purchaser, of Existing

Contracts for such Supplies, and not a Contract to Procure such Supplies from the Vendor.—A contract between defendant, of the first part, and B., of the second part, purported to provide for the purchase by defendant, and sale, transfer, and assignment to him by B., of his (B.'s) "right, title, interest, and claim whatsoever to the property connected with the Nicollet House, as follows, to wit:" [Then followed thirteen specifications of property to be transferred, and then the following:] "14th. All contracts for hotel supplies, so far as the same are binding on the party of the second part, to be assumed and fulfilled by the party of the first part, and all advances made on the same to be paid to the party of the second part. 15th. The contract for farm supplies to remain in force and to be continued during the term of hotel lease, provided said supplies are as good as have been furnished, and the milk pure and unadulterated. The milk for the six months, to wit, April, May, June, July, August, and September, to be delivered twice a day, if so required to keep the same from souring, at the price of twenty cents per gallon, and during the remainder of the year to be delivered once a day, unless the roads are in such a condition that the same are impassable, and in that event the party of the second part to use all due diligence to deliver the same. The price for the last six months to be twenty-five cents per gallon. And all other supplies, as well as milk, shall be taken from the said party of the second part, as far as the same are required for the hotel, at such time, and in such quantities, and upon such prices as may be agreed upon; and if said parties fail to agree upon any price, then at the market price for such supplies at the time the same are delivered. In regard to the milk and other supplies, the same to be delivered in such quantities as may be ordered the night before. Settlement and payment for said supplies to be made monthly." *Held*, not to be a contract by which B. agreed to furnish, and defendant to receive, during the term of the hotel lease, all the milk required at the hotel.

This action was brought in the court of common pleas of Hennepin county, and was tried before *Young*, J., and a jury. At the close of plaintiff's case the action was ordered to be dismissed, on defendant's motion, for failure of the plaintiff to sustain his cause of action, to which order the plaintiff duly excepted. A new trial was refused, and plaintiff appealed.

*Lowry & Wilson* and *C. J. Bartleson*, for appellant.

*Bradley & Morrison*, for respondent.

GILFILLAN, C. J.[1] The complaint alleges that on April 1, 1874, the defendant was lessee of the Nicollet House in Minneapolis, under a lease for the term of five years from

[1] Cornell, J., having been of counsel, did not sit in this case.

June 1, 1873, renewable for the further term of five years at the option of the lessee, and that, on said April 1, 1874, defendant entered into a contract in writing with one G. A. Burbank, by which it was agreed that during the term of said lease Burbank should furnish, and defendant pay for, at certain agreed prices, monthly, all milk required for use at the hotel; that this contract was, with defendant's consent, assigned by Burbank to plaintiff, who entered upon the performance thereof, and continued to furnish said milk till about September 1, 1874, when defendant refused to receive milk any further, or pay therefor, to the great damage of plaintiff, etc. It alleges readiness by plaintiff at all times to perform on his part. The answer denies this contract.

On the trial the plaintiff offered in evidence a contract between Burbank and defendant for " the purchase, sale, transfer, and assignment of his (Burbank's) right, title, interest, and claim whatsoever of the property connected with the Nicollet House, within the aforesaid city, as follows, to wit:" [Then follow thirteen clauses, specifying different kinds or classes of property, and then the following:]

" 14. All contracts for hotel supplies, so far as the same are binding on the party of the second part, [said Burbank,] to be assumed and fulfilled by the party of the first part, [the defendant,] and all advances made on the same to be paid to the party of the second part.

" 15. The contract for farm supplies to remain in force and be continued during the term of hotel lease, provided said supplies are as good as have been furnished, and the milk pure and unadulterated. The milk for the six months to wit, April, May, June, July, August, and September, to be delivered twice a day, if so required to keep the same from souring, at the price of twenty cents per gallon, and during the remainder of the year to be delivered once a day, unless the roads are in such condition that the same are impassable, and in that event the party of the

second part to use all due diligence to deliver the same. The price for the last six months to be twenty-five cents per gallon, and all other supplies, as well as milk, shall be taken from the said party of the second part, as far as the same are required for the hotel, at such time, and in such quantities, and upon such prices as may be agreed upon; and if said parties fail to agree upon any price, then at the market price for such supplies at the time the same are delivered. In regard to the milk and other supplies, the same to be delivered in such quantities as may be ordered the night before. Settlement and payment for said supplies to be made monthly.'' This evidence was objected to as incompetent, immaterial, and irrelevant to the issues in the case, under the pleadings therein, and was excluded.

This contract appears to be the one intended by the complaint. Whether, standing alone, it is such a contract, is the only question to be considered. It does not appear that any extrinsic facts or circumstances, in view of which the contract can be construed, were proved or offered to be proved. Had it been the purpose of the parties, in their use of language, to obscure their meaning, they could hardly have made a more effective arrangement of it. It is claimed by plaintiff that the language quoted shows an agreement by Burbank to furnish, and defendant to receive, during the lease, all the milk needed for the hotel. The defendant claims that the language can be construed only as referring to some real or supposed preëxisting contract, and that the intention was to transfer it to defendant, to be performed by him on conditions stated; and we think the entire language points more to the latter than the former meaning.

It is true, the statement as to how the milk shall be delivered; the price stated; the requirement, in a certain contingency, of due diligence on the part of Burbank to deliver it; and the stipulation as to when settlements shall be made; and the words, " all other supplies, as well as milk, shall be taken from the said party of the second part

as far as the same are required for the hotel," indicate an original contract. On the other hand, the quantity of milk— as that it should be all that might be needed for use at the hotel—is not expressly stated, as would be expected in an original contract. There is no clearly-expressed promise to furnish and receive the milk as between these parties. The first part of the 15th clause, and the whole of the 14th, which has some bearing on the meaning of the 15th, clearly indicate existing contracts, to be transferred to, and assumed and fulfilled by, defendant, rather than a new contract. The 14th clause reads: "All contracts for hotel supplies, so far as the same are binding on the party of the second part, to be assumed and fulfilled by the party of the first part, and all advances made on the same to be paid to the party of the second part." This language is clear, and can refer to nothing but preëxisting contracts, and advances made upon them. The first sentence of the 15th clause is: "The contract for farm supplies to remain in force and be continued during the term of hotel lease, provided said supplies are as good as have been furnished, and the milk pure and unadulterated."

This clearly indicates a preëxisting contract for farm supplies, including milk, which is to remain in force and be continued, provided, etc. Then follow stipulations as to how such contract should be carried out, which may or may not change the obligation that would attach to defendant upon an unqualified transfer to and assumption by him of the existing contract.

On the whole, we conclude—though it is with some doubts —that clause 14 was intended to provide for a transfer to .defendant of all binding contracts for hotel supplies, including farm supplies, and for an assumption by him of Burbank's obligations upon such contracts, and that clause 15 was intended to qualify, in some measure, defendant's obligation to Burbank to fulfil the contract for farm supplies,

The decision of the court below was, therefore, correct, and the order appealed from is affirmed.